Amber M. Carson (TX Bar No. 24075610)
Jason S. Brookner (TX Bar No. 24033684)
Micheal W. Bishop (TX Bar No. 02354860)
Emily F. Shanks (TX Bar No. 24110350)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: acarson@grayreed.com
jbrookner@grayreed.com
mbishop@grayreed.com
eshanks@grayreed.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| BUCA TEXAS RESTAURANTS, L.P., | § § | Case No. 24-80058 (SGJ) |
| Debtor. | § § § | |
| Tax I.D. No. 41-1983262 | § § | |
| In re: | § § § | Chapter 11 |
| BUCA TEXAS BEVERAGE, INC., | § § | Case No. 24-80059 (SGJ) |
| Debtor. | § § § § | |
| Tax I.D. No. 41-1973995 | § § | |
| In re: | § § § | Chapter 11 |
| BUCA C, LLC, | § § | Case No. 24-80060 (SGJ) |
| Debtor. | § § § | |
| Tax I.D. No. 46-4158220 | § § | |

4879-3732-2964

| | |
|---|---|
| In re:<br><br>BUCA SALES & MARKETING, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 27-0274258 | § Chapter 11<br>§<br>§ Case No. 24-80061 (SGJ)<br>§ |
| In re:<br><br>BUCA INVESTMENTS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 41-1985575 | § Chapter 11<br>§<br>§ Case No. 24-80062 (SGJ)<br>§ |
| In re:<br><br>BUCA RESTAURANTS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 41-1889725 | § Chapter 11<br>§<br>§ Case No. 24-80063 (SGJ)<br>§ |
| In re:<br><br>BUCA RESTAURANTS 2, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 41-1742187 | § Chapter 11<br>§<br>§ Case No. 24-80064 (SGJ)<br>§ |
| In re:<br><br>BUCA (CELEBRATION), LLC,<br><br>Debtor.<br><br>Tax I.D. No. 81-2683412 | § Chapter 11<br>§<br>§ Case No. 24-80065 (SGJ)<br>§ |

4879-3732-2964

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUCA (EX), LLC, | § | Case No. 24-80066 (SGJ) |
| | § | |
| Debtor. | § | |
| Tax I.D. No. 45-1683092 | § | |
| In re: | § | Chapter 11 |
| | § | |
| BUCA (MINNEAPOLIS), INC., | § | Case No. 24-80067 (SGJ) |
| | § | |
| Debtor. | § | |
| Tax I.D. No. 20-2302474 | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 10:30 A.M. ON AUGUST 7, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A VIRTUAL HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 7, 2024, AT 10:30 A.M. IN ROOM 1424, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TEXAS, 75242.**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE JERNIGAN'S HOME PAGE. THE MEETING CODE IS 2304 154 2638. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JERNIGAN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

4879-3732-2964

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion ("Motion"):

**Relief Requested**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief.

2. Specifically, the Debtors request that the Court maintain one file and one docket for all the jointly-administered cases under the case of BUCA Texas Restaurants, L.P., and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| BUCA TEXAS RESTAURANTS, L.P., *et al.*,[1] | § § | Case No. 24-80058 (SGJ) |
| Debtors. | § § § | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: BUCA Texas Restaurants, L.P. (3262); BUCA Texas Beverage, Inc. (3995); BUCA C, LLC (8220); BUCA Sales & Marketing, LLC (4258); BUCA Investments, Inc. (5575); BUCA Restaurants, Inc. (9725); BUCA Restaurants 2, Inc. (2187); BUCA (Celebration), LLC (3412); BUCA (Ex), LLC (3092); BUCA (Minneapolis), Inc. (2474). The Debtors' principal offices are located at 4700 Millenia Boulevard, Suite 400, Orlando, Florida 32839.

3. The Debtors further request an order from the Court that this caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

4879-3732-2964

4. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each debtor case other than BUCA Texas Restaurants, L.P., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration for procedural purposes of the chapter 11 cases of BUCA Texas Restaurants, L.P., *et al*. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-80058**).

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 1015-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and Sections J.34 and J.35 of the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

## Background

8. The Debtors are leading owners, operators, and franchisors of family-style Italian-American restaurants. With approximately 44 owned locations across 14 states and two international franchised locations, Buca di Beppo is known for its large portions, eclectic décor, and a festive atmosphere that encourages sharing and communal dining. The Debtors' operations have been impacted by a significant drop in sales, rising food and labor costs, continued staffing challenges, and changes in consumer preferences. A more detailed history of the Debtors'

4879-3732-2964

business, as well as their prepetition efforts to address liquidity issues, are discussed in the First Day Declaration.

9. On August 4, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committee has been appointed.

10. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in the *Declaration of William Snyder, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1(a) further provides for the joint administration of related chapter 11 cases.

6

4879-3732-2964

12. Given the integrated nature of the Debtors' operations, and overlap of assets and liabilities, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many, if not all, of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Northern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Ebix, Inc.*, No. 23-80004 (SWE) (Bankr. N.D. Tex. Dec. 19, 2023) [Docket No. 50] (authorizing joint administration); *In re Impel Pharmaceuticals, Inc.*, No. 23-80016 (SGJ) (Bankr. N.D. Tex. Dec. 21, 2023) [Docket No. 53] (same); *In re Tuesday Morning*, No. 23-90001 (ELM) (Bankr. N.D. Tex. Feb. 16, 2023) [Docket No. 107] (same); *In re Sunland Medical Foundation*, No. 23-80000 (MVL) (Bankr. N.D. Tex. Aug. 31, 2023) [Docket No. 37] (same); *Northwest Senior Housing Corporation*, No. 22-30659 (MVL) (Bankr. N.D. Tex. April 19, 2022) [Docket No. 88] (same); *In re Studio Movie Grill Holdings, LLC*, No. 20-32633 (SGJ) (Bankr. N.D. Tex. Oct. 27, 2020) [Docket No. 48] (same); *In re Tuesday Morning*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 28, 2020) [Docket No. 66] (same); *In re Diamondback Industries, Inc.*, No. 20-41504 (ELM) (Bankr. N.D. Tex. April 28, 2020) [Docket No. 41] (same); *In re PHI, Inc.*, No. 1930923 (HDH) (Bankr. N.D. Tex. Mar 19, 2019) [Docket No. 57] (same).[1]

---

[1] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

14. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

15. The Debtors will provide notice of this motion to the following parties or their counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) agent to the lenders under the Debtors' prepetition term loan facilities; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice is needed.

[*Remainder of page intentionally left blank*]

4879-3732-2964

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 5th day of August, 2024.

**GRAY REED**

By: */s/ Amber M. Carson*
Amber M. Carson
Texas Bar No. 24075610
Jason S. Brookner
Texas Bar No. 24033684
Micheal W. Bishop
Texas Bar No. 02354860
Emily F. Shanks
Texas Bar No. 24110350
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: acarson@grayreed.com
jbrookner@grayreed.com
mbishop@grayreed.com
eshanks@grayreed.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on August 5, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/ Amber M. Carson*
Amber M. Carson

4879-3732-2964

**Exhibit A**

**Proposed Order**

4879-3732-2964

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BUCA TEXAS RESTAURANTS, L.P., | § | Case No. 24-80058 (SGJ) |
| Debtor. | § | |
| Tax I.D. No. 41-1983262 | § | |
| In re: | § | Chapter 11 |
| BUCA TEXAS BEVERAGE, INC., | § | Case No. 24-80059 (SGJ) |
| Debtor. | § | |
| Tax I.D. No. 41-1973995 | § | |
| In re: | § | Chapter 11 |
| BUCA C, LLC, | § | Case No. 24-80060 (SGJ) |
| Debtor. | § | |
| Tax I.D. No. 46-4158220 | § | |

4879-3732-2964

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUCA SALES & MARKETING, LLC, | § | Case No. 24-80061 (SGJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 27-0274258 | § | |
| In re: | § | Chapter 11 |
| | § | |
| BUCA INVESTMENTS, INC., | § | Case No. 24-80062 (SGJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 41-1985575 | § | |
| In re: | § | Chapter 11 |
| | § | |
| BUCA RESTAURANTS, INC., | § | Case No. 24-80063 (SGJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 41-1889725 | § | |
| In re: | § | Chapter 11 |
| | § | |
| BUCA RESTAURANTS 2, INC., | § | Case No. 24-80064 (SGJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 41-1742187 | § | |
| In re: | § | Chapter 11 |
| | § | |
| BUCA (CELEBRATION), LLC, | § | Case No. 24-80065 (SGJ) |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 81-2683412 | § | |

2

| | §  |
|---|---|
| In re: | § Chapter 11 |
| | § |
| BUCA (EX), LLC, | § Case No. 24-80066 (SGJ) |
| | § |
| Debtor. | § |
| | § |
| Tax I.D. No. 45-1683092 | § |
| In re: | § |
| | § Chapter 11 |
| BUCA (MINNEAPOLIS), INC., | § |
| | § Case No. 24-80067 (SGJ) |
| Debtor. | § |
| | § |
| Tax I.D. No. 20-2302474 | § |

**ORDER (I) DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

4879-3732-2964

the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-80058 (SGJ) (the "Lead Case").

3. All pleadings, papers, and documents, except proofs of claim, lists, schedules, and statements, filed in the jointly administered cases shall bear the caption of the Lead Case, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| BUCA TEXAS RESTAURANTS, L.P., *et al.*,[1] | § § § | Case No. 24-80058 (SGJ) |
| Debtors. | § § § | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: BUCA Texas Restaurants, L.P. (3262); BUCA Texas Beverage, Inc. (3995); BUCA C, LLC (8220); BUCA Sales & Marketing, LLC (4258); BUCA Investments, Inc. (5575); BUCA Restaurants, Inc. (9725); BUCA Restaurants 2, Inc. (2187); BUCA (Celebration), LLC (3412); BUCA (Ex), LLC (3092); BUCA (Minneapolis), Inc. (2474). The Debtors' principal offices are located at 4700 Millenia Boulevard, Suite 400, Orlando, Florida 32839.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. All orders, pleadings, papers, and documents, except proofs of claim, lists, schedules, and statements, shall be filed and docketed in the Lead Case.

6. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than the Lead Case, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas directing joint administration for procedural purposes of the chapter 11 cases of BUCA Texas Restaurants, L.P., *et al*. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-80058 (SGJ)**).

7. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list.

8. All proofs of claim, lists, schedules, and statements (if applicable) shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file and docket a proof of claim in each case to which a claim may be made, and only in the amount which the creditor may make a claim from that estate.

9. The Debtors shall file monthly operating reports and Bankruptcy Rule 2015.3 reports on an entity-by-entity basis.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of any part in interest to seek entry of an order substantively consolidating these cases.

11. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4879-3732-2964

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Submitted by:

Amber M. Carson (TX Bar No. 24075610)
Jason S. Brookner (TX Bar No. 24033684)
Micheal W. Bishop (TX Bar No. 02354860)
Emily F. Shanks (TX Bar No. 24110350)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
Email:      acarson@grayreed.com
            jbrookner@grayreed.com
            mbishop@grayreed.com
            eshanks@grayreed.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

6

4879-3732-2964